**Greg WILBERGER, as personal representative of the ESTATE OF Brooke WILBERGER, decedent, Plaintiff—Appellant,**

v.

**CREATIVE BUILDING MAINTENANCE, INC., a Delaware corporation, Defendant—Appellee.**

No. 09–35665.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 2010.

Filed May 18, 2010.

Gerald C. Doblie, Dobie & Associates, Portland, OR, for Plaintiff–Appellant.

Beth Cupani, Matthew C. Casey, Richard J. Whittemore, Esquire, Bullivant Houser Bailey PC, Portland, OR, for Defendant–Appellee.

Before: KLEINFELD, BEA and IKUTA, Circuit Judges.

### MEMORANDUM *

The district court properly applied a foreseeability analysis to Wilberger's negligence claim, as required by *Fazzolari v. Portland Sch. Dist. No. 1J*, 303 Or. 1, 734 P.2d 1326, 1336 (1987). Even assuming that Joel Courtney's intervening criminal act did not bar liability to Creative Building Maintenance (CBM) in all circumstances, *cf. Buchler v. State ex rel. Or. Corr. Div.*, 316 Or. 499, 853 P.2d 798, 804–05 (1993), Wilberger's claim fails under Oregon's general foreseeability principles, *see Washa v. Or. Dep't of Corr.*, 159 Or. App. 207, 979 P.2d 273, 282 (1999). It is undisputed that CBM had no relationship to the victim. There is no evidence that CBM had any clients in Corvallis, where the abduction occurred, or that Courtney was in Corvallis for any reason related to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

his employment with CBM. Even if CBM should have been aware of Courtney's twenty-year-old criminal convictions, CBM could not have reasonably foreseen that, by hiring Courtney and giving him access to a van, Courtney would encounter the victim in Corvallis and engage in criminal conduct resulting in the victim's death. *See id.* at 283. We therefore uphold the district court's determination that CBM is not liable for negligence here. In light of our conclusion, we need not reach Wilberger's claim that the district court erred in making a credibility determination regarding Jose Lomeli.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.